

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PRINCE E. FORYOH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 2423 |
| v. ) | |
| ) | Judge John W. Darrah |
| TRITON COLLEGE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Prince E. Foryoh, filed suit against Defendant, Triton College, alleging false arrest (Count I) and excessive force (Count II), pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Triton's Motion to Dismiss.

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F. 3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of Plaintiff's First Amended Complaint supports the following summary of the alleged conduct of the parties.

On April 17, 2002, Foryoh, a student at Triton, was accused of slander and physically attacking another student. Three security officers were called to the classroom where the attack took place, and they proceeded to handcuff and arrest Foryoh. When Foryoh complained that his handcuffs were too tight, the three security officers beat and kicked him repeatedly.

On July 22, 2003, as a result of the April 17, 2002 incident, Foryoh was found guilty of misdemeanor battery. On August 19, 2003, Foryoh was sentenced to one-year conditional discharge; and he successfully completed his sentence on August 17, 2004. On April 22, 2005, Foryoh filed a complaint, seeking $5,000,000 from Triton for the injuries he suffered from the April 17, 2002 incident. On November 28, 2005, Foryoh filed his First Amended Complaint, alleging false arrest and excessive force, pursuant to 42 U.S.C. § 1983.

Triton seeks to dismiss Foryoh's First Amended Complaint, contending that the claims are time-barred.

Section 1983 claims are governed by the forum state's personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (*Johnson*). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521. Furthermore, a Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).

Foryoh allegedly suffered false arrest and excessive force during a single incident on April 17, 2002. As he was allegedly handcuffed and beaten on April 17, 2002, Foryoh knew of his alleged injuries on that day. Because Foryoh knew of the injuries that are the basis of his claim on April 17, 2002, that is the day when his Section 1983 action accrued. Foryoh's initial complaint was not filed until April 22, 2005. Therefore, barring equitable tolling of the statute of limitations, Foryoh's false arrest and excessive force claims must have accrued after April 21, 2003.

Foryoh concedes that he did not meet the April 21, 2003 deadline. He contends, however, that he was under the belief that he was required to complete his sentence of

2

conditional discharge before he could bring his claim of excessive force and false arrest. Foryoh argues that since he operated under the assumption that he had until August 17, 2006, to bring his claim, his April 22, 2005 complaint was timely.

No authority exists exempting a plaintiff from the statute of limitations for Section 1983 actions because of a mistake in interpretation. Although Foryoh did not raise the issue, equitable tolling of a statute of limitations can be employed when the statute would have unfair results, when a plaintiff cannot reasonably be expected to sue within the allotted time, or when, despite due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim. *See Hucko v. City of Oak Forest*, 1999 WL 689996 (N.D. Ill.); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3rd Cir. 1998); *Heck v. Humphrey*, 997 F.2d 355, 357 (7th Cir. 1993); *Central States, Southeast & Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1376 (7th Cir. 1992); *Smith v. Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1991). Applying the statute of limitations to Foryoh's claims is neither unfair nor unreasonable, and Foryoh faced no impediment to obtaining information bearing on the existence of his claim.

The two-year statute of limitations applicable to Section 1983 claims brought in Illinois bars Foryoh's First Amended Complaint. Accordingly, Defendant's Motion to Dismiss is granted; and Plaintiff's First Amended Complaint is dismissed.

Dated February 10, 2006

JOHN W. DARRAH
United States District Court Judge